U. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**

JAN 3 0 2017

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

|  |  |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272 |

**SHORT FORM COMPLAINT FOR ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

This applies to:
Anthony Lillig and Holly Lillig
                    Plaintiff(s),

**JURY TRIAL DEMAND**

17-3012

vs.

Zimmer, Inc.

                    Defendant

---

**PLAINTIFFS' AMENDED SHORT FORM COMPLAINT FOR ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

Plaintiffs incorporate by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendant, as well as the Court's August 29, 2016 Order, the following Short Form Complaint is utilized in this action.

Plaintiffs select and indicate by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiffs shall add and include them herein.

1.      Plaintiffs, Anthony Lillig and Holly Lillig, state and bring this civil action before the Court for the United States District Court for the Western District of Arkansas as a related action in the matter entitled IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments there to.

2.      This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3.      Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within his or her district.

4.      Plaintiff Anthony Lillig is a resident and citizen of Arkansas and claims damages as set forth below.

5. Plaintiff's Spouse Holly Lillig, is a resident and citizen of Arkansas, and claims damages as a result of loss of consortium. *[Cross out if Not Applicable]*

6.      Plaintiff was born on September 11, 1960.

7.      ~~Plaintiff is filing this case in a representative capacity as the~~ ~~[administrator/personal representative/executor/other]~~ ~~of the [Estate of]~~ ~~having been duly appointed by the~~ ~~Court of~~ ~~. [Cross out if Not Applicable]~~ A copy of the annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate, or other appropriate court of jurisdiction of the decedent.

2

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

8.     Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on his <u>right and left</u> knees on or about <u>February 12, 2004</u> at <u>Freeman Neosho Hospital</u>, by Dr. <u>Horace R. Petersen</u>.

9.     On or about <u>February 12, 2004</u> Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

_____   Zimmer NexGen LPS-Flex

___X___   Zimmer NexGen CR-Flex

_____   Zimmer NexGen GSF LPS-Flex

_____   Zimmer NexGen GSF CR-Flex

_____   Zimmer NexGen MIS Tibia

10.     Plaintiff underwent a revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on <u>January 30, 2014</u> at <u>The University of Kansas Hospital</u> in <u>Kansas City, Kansas</u> by <u>Dr. David W. Anderson</u>.

11.     Plaintiff has suffered injuries as a result of implantation and revision/explanation of the Zimmer NexGen® Knee device(s) manufactured by Defendant as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the Defendant and/or obtained by Defendant through Plaintiff's authorization and are incorporated by reference herein.

12.     At the time of implantation with the Zimmer NexGen® Knee device(s), the Plaintiff resided <u>54 Pivot Rock Road #6, Eureka Springs, AR 72632</u>.

13.     Defendant, by its action or inaction, proximately caused Plaintiff's injuries.

14.     Plaintiff claims damages as a result of:

    _X___ injury to herself/himself

    _____ injury to the person represented

    _____ wrongful death

    _____ survivorship action

    _X__ economic loss

    _X_ loss of services

    _X_ loss of consortium

15.    Neither Plaintiff nor his physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indications for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

16.    As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17.    Plaintiff's Zimmer NexGen® CR-Flex Knee devices bear catalog numbers 5952-16-01 and 5952-16-02 (femoral) and 5982-47-02 and 5982-47-02 (tibial) and lot numbers 60063377 and 60099853 (femoral) and 60010054 and 54071300 (tibial), respectively.

### ALLEGATIONS AS TO DEFENDANTS
### SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

18.    The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

### COUNT I – STRICT LIABILITY DESIGN DEFECT

    _____    COUNT I (a) ZIMMER LPS-FLEX;

4

___X_____     COUNT I (b) ZIMMER CR-FLEX;

_____     COUNT I (c) ZIMMER GSF LPS-FLEX;

_____     COUNT I (d) ZIMMER GSF CR-FLEX;

_____     COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT II – STRICT LIABILITY FAILURE TO WARN

_____     COUNT II (a) ZIMMER LPS-FLEX;

___X_____     COUNT II (b) ZIMMER CR-FLEX;

_____     COUNT II (c) ZIMMER GSF LPS-FLEX;

_____     COUNT II (d) ZIMMER GSF CR-FLEX;

_____     COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT III – STRICT LIABILITY MANUFACTURING DEFECT

_____     COUNT III (a) ZIMMER LPS-FLEX;

___X_____     COUNT III (b) ZIMMER CR-FLEX;

_____     COUNT III (c) ZIMMER GSF LPS-FLEX;

_____     COUNT III (d) ZIMMER GSF CR-FLEX;

_____     COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT IV – NEGLIGENCE

_____     COUNT IV (a) ZIMMER LPS-FLEX;

___X_____     COUNT IV (b) ZIMMER CR-FLEX;

_____     COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____     COUNT IV (d) ZIMMER GSF CR-FLEX;

_____     COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT V – NEGLIGENT MISREPRESENTATION

_____   COUNT V (a) ZIMMER LPS-FLEX;

___X___   COUNT V (b) ZIMMER CR-FLEX;

_____   COUNT V (c) ZIMMER GSF LPS-FLEX;

_____   COUNT V (d) ZIMMER GSF CR-FLEX;

_____   COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VI – EXPRESS WARRANTY

_____   COUNT VI (a) ZIMMER LPS-FLEX;

___X___   COUNT VI (b) ZIMMER CR-FLEX;

_____   COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VI (d) ZIMMER GSF CR-FLEX;

_____   COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VI – BREACH OF EXPRESS WARRANTY

_____   COUNT VI (a) ZIMMER LPS-FLEX;

___X___   COUNT VI (b) ZIMMER CR-FLEX;

_____   COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VI (d) ZIMMER GSF CR-FLEX;

_____   COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VII – BREACH OF IMPLIED WARRANTY

_____   COUNT VII (a) ZIMMER LPS-FLEX;

___X___   COUNT VII (b) ZIMMER CR-FLEX;

_____   COUNT VII (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VII (d) ZIMMER GSF CR-FLEX;

_____   COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII – REDHIBITION**

_____ COUNT VIII (a) ZIMMER LPS-FLEX;

_____ COUNT VIII (b) ZIMMER CR-FLEX;

_____ COUNT VIII (c) ZIMMER GSF LPS-FLEX;

_____ COUNT VIII (d) ZIMMER GSF CR-FLEX;

_____ COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

\_\_\_\_X\_\_\_\_ **COUNT IX – LOSS OF CONSORTIUM**

_____ **COUNT X – WRONGFUL DEATH**

_____ **COUNT XI – SURVIVAL ACTIONS**

\_\_\_\_X\_\_\_\_ **COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:**

Arkansas Code Ann. § 4-88-108 *et seq.*

\_\_\_\_X\_\_\_\_ **COUNT XIII – UNJUST ENRICHMENT**

\_\_\_\_X\_\_\_\_ **COUNT XIV – PUNITIVE DAMAGES**

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]: _____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.  For compensatory damages requested and according to proof;

2.  For punitive or exemplary damages against Defendant;

3.  For all applicable statutory damages of the state whose laws will govern this action;

4.  For an award of attorney's fees and costs;

5.      For prejudgment interest and the costs of suit; and

6.      For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: January 30, 2017

Respectfully submitted,

**/s/ William F. Clark**
William F. Clark     AR BAR #2010142
DAVIS, CLARK, BUTT, CARITHERS &
TAYLOR, PLC
P.O. Box 1688
Fayetteville, AR 72702
Tel: 479-521-7600
Fax: 479-521-7661
WClark@davis-firm.com

**/s/ Brett A. Emison**
Brett A. Emison  MO #52072
*pro hac vice pending transfer to MDL 2272*
LANGDON & EMISON
911 Main Street, P.O. Box 220
Lexington, Missouri 64067
Tel: 660-259-6175
Fax: 660-259-4571
brett@lelaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on January 30, 2017, a copy of the foregoing *Plaintiffs' Proposed: Amended Short Form Complaint For Zimmer Nexgen Knee Implant Products Liability Litigation* was filed electronically using the CM/ECF system, which will deliver the document to all counsel of record.

/s/ **William F. Clark**
William F. Clark